# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO: 3:14-CV-92-MOC-DSC

| | |
|---|---|
| TAYLOR & COMPANY, et. al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| BANK OF AMERICA CORPORATION | ) |
| and BANK OF AMERICA, N.A., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Defendants' "Motion to Dismiss" (document #10) and the parties' briefs and exhibits. See documents ##11 and 14-17.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and the Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Motion to Dismiss be granted in part and denied in part, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are customers of Defendant Bank of America, N.A. ("BANA"). They have maintained BANA business and personal accounts for over a decade. Accepting the factual allegations of the Complaint as true, Plaintiffs' long-time accountant, Robert Gard, opened a BANA business checking account in 2005 (the "2005 Account") in the name of Plaintiff Taylor & Company without Plaintiffs' knowledge or authorization. It is undisputed that Gard stole at

1

least $1.7 million by depositing Plaintiffs' funds into the 2005 account and later withdrawing them. Plaintiffs further allege that they have been unable to determine what policies and procedures BANA had in place to protect them from these unauthorized and illegal acts because there are no supporting documents from the bank.

Plaintiffs allege their claims against Defendants jointly. Other than alleging that BANA is an "indirect subsidiary" of Defendant Bank of America Corporation ("BAC"), Plaintiffs make no specific allegations against BAC.

On February 28, 2014, Plaintiffs filed their Complaint alleging claims for Negligence (Count I), Negligence Per Se (Count II), and Negligent Enablement of Imposter Fraud (Count III).

On May 2, 2014, Defendants filed their Motion to Dismiss. Defendants assert that they owed no duty to Plaintiffs other than the contractual duties arising from the legitimate accounts Plaintiffs had with BANA.

Defendants' Motion has been fully briefed and is ripe for determination.

## II. DISCUSSION

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at

563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual

3

allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

### B. Claims Against Defendant BAC

Plaintiffs have not alleged any dealings with BAC, much less any facts plausibly establishing that the 2005 Account was maintained by both BANA and BAC. For this reason, as well as the other reasons stated in their briefs, Defendants' Motion to Dismiss should be granted as to BAC.

### C. Claim for Negligence (Count I) Against Defendant BANA

Banks generally owe their customers a duty of reasonable or ordinary care. See Mut. Serv. Cas. Ins. Co. v. Elizabeth State Bank, 265 F.3d 601, 618 (7th Cir. 2001)("As with attorneys and accountants, the law has long imposed on banks a duty of reasonable care, and that duty is so entrenched that the UCC does not permit the parties to a banking transaction to abandon it") (citations omitted); Rogers v. Bank of Am., N.A., 210 U.S. Dist. LEXIS 114782, *7-8, 2010 WL 4384257 (S.D. Ill. 2010) ("a bank's failure to observe ordinary care in handling its customer's transactions may support a tort claim....")(citations omitted); Dubai Islamic Bank v. Citibank, N.A. 126 F.Supp.2d 659, 667 (S.D.N.Y. 2000)(banks owe a duty of care to their customers and must exercise reasonable skill and care in providing services to customers). In North Carolina, banks and their customers may not waive or disclaim "a bank's responsibility for...failure to exercise ordinary care...." N.C. Gen. Stat. § 25-4-103(a).

The United States District Court for the Middle District of Florida recently considered whether a plaintiff could pursue a negligence claim against PNC Bank for allowing a third-party to open an account in plaintiff's name without authorization and steal more than $300,000.00.

Journeys Acad. v. PNC Bank, 2013 U.S. Dist. LEXIS 99098, 2013 WL 3772483 (M.D. Fla. 2013). The Court recognized that "[t]he general rule is that a bank has a duty to use ordinary care, presumptively in all its dealings," and denied the bank's 12(b)(6) motion to dismiss plaintiff's negligence claim after determining that plaintiff was a "customer" of the bank to whom a duty was owed. Id. at *5-6.

For those and the other reasons stated in Plaintiffs' brief, the undersigned finds that they have pled sufficient factual allegations to survive Defendant BANA's Motion to Dismiss.

### D. Claim for Negligence Per Se (Count II)

Plaintiffs premise their negligence per se claim on BANA's alleged failure to comply with the Bank Secrecy Act ("BSA") as amended by the USA PATRIOT Act ("Patriot Act"), 31 U.S.C. §§ 5311, et seq.. This statutory scheme was enacted to assist law enforcement authorities in uncovering moneys linked to crime. The statute requires financial institutions and other businesses to file certain reports or records that are likely to have a "high degree of usefulness in criminal, tax, or regulatory investigations or proceedings." 31 U.S.C. §§ 5311. The Patriot Act amended the BSA to require financial institutions to establish anti-money laundering programs including the development of internal policies, procedures, and controls; designation of a compliance officer; ongoing employee training; and an independent audit function. 31 U.S.C. § 5318(h). The purpose of these programs is to assist the government. "Congress' purpose in enacting the [BSA] was to ensure that certain business records assist government agencies in conducting criminal, tax, or regulatory investigations." Martinez-Colon v. Santander Nat'l Bank, 4 F. Supp. 2d 53, 57 (D. Puerto Rico 1998) (citing 31 U.S.C. §§ 5321-22). While these statutes provide for civil and criminal penalties, they do not create a private right of action. See 31

5

U.S.C. §§ 5321-22 (a defendant's only liability for failure to comply is to the United States government, thus no private right of action exists).

For this reason, courts are unanimous in holding that there is no private right of action under the BSA or Patriot Act. See, e.g., Bottom v. Bailey, No. 1:12-CV-97, 2013 WL 431824 (W.D.N.C. Feb. 4, 2013) (finding the BSA does not serve as a basis for a private right of action and citing cases from other jurisdictions in support). Since no private right of action exists under these statutes, courts are unwilling to create a common law duty of care. See, e.g., In re Agape Litig., 681 F. Supp. 2d 352 (S.D.N.Y. 2010) ("because the Bank Secrecy Act does not create a private right of action, the Court can perceive of no sound reason to recognize a duty of care that is predicated upon the statute's monitoring requirements"); Public Service Co. of Oklahoma v. APlus, Inc., No. CIV-10-651-D, 2011 WL 3329181, * 8 (W.D. Okl. Aug. 2, 2011) (citing numerous cases); Marlin v. Moody National Bank, N.A., No. H-04-4443, 2006 WL 2382325, at *7 (S.D. Tex. Aug. 16, 2006) ("[B]anks do not become guarantors of the integrity of the deals of their customers. [The BSA] does not create a private right of action and, therefore, does not establish a standard of care."); Armstrong v. American Pallet Leasing, Inc., 678 F.Supp.2d 827, 875 (N.D. Iowa 2009) ("Because the Bank Secrecy Act does not permit a private right of action, it follows that it cannot be construed as giving rise to a duty of care flowing to plaintiffs in this case."); Aiken v. Interglobal Mergers & Acquisitions, No. 05-CIV-5503, 2006 WL 1878323, at *2 (S.D.N.Y. July 5, 2006) ("Defendant contends and Plaintiff concedes that neither the Bank Secrecy Act nor the Patriot Act affords a private right of action. This Court may not … impose a duty of care based upon a statute that does not permit a private right of action").

For those reasons, and the other reasons stated in their briefs, Defendants' Motion to Dismiss should be granted as to Plaintiffs' claim for negligence per se.

### E. Claim for Negligent Enablement of Imposter Fraud (Count III)

Plaintiffs cite a single case, Patrick v. Union State Bank, 681 So.2d 1364 (Ala. 1996), in support of this claim. Patrick addressed a question of Alabama law and is not binding precedent here. While not overruled, Patrick has met with disapproval, including subsequent decisions by the Alabama Supreme Court. See Smith v. AmSouth Bank, Inc., 892 So.2d 905 (Ala. 2004); Brunson v. Affinity Federal Credit Union, 199 N.J. 381, 972 A.2d 1112, 1123-24 (2009) (providing a lengthy summary of cases rejecting or distinguishing Patrick). For those reasons, and the other reasons stated in their briefs, Defendants' Motion to Dismiss should be granted as to Plaintiffs' claim for negligent enablement of imposter fraud.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant "Motion to Dismiss" (document #10) be **GRANTED IN PART** and **DENIED IN PART**, that is, that:

A. The Motion be **GRANTED** as to all claims against Defendant Bank of America Corporation and the Complaint be **DISMISSED WITH PREJUDICE** as to that Defendant;

B. The Motion be **DENIED** as to Count I of the Complaint against Defendant Bank of America, N.A.; and

C. The Motion be **GRANTED** as to Counts II and III against Defendant Bank of America, N.A. and those counts be **DISMISSED WITH PREJUDICE**.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written

objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: June 5, 2014

David S. Cayer
United States Magistrate Judge