UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00092-MOC-DSC

| | |
|---|---|
| TAYLOR & COMPANY )<br>SUSAN TAYLOR )<br>RODNEY TAYLOR, )<br>)<br>Plaintiffs, )<br>)<br>Vs. )<br>)<br>BANK OF AMERICA CORPORATION; )<br>BANK OF AMERICA, N.A., )<br>)<br>Defendants. ) | ORDER |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's

1

proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

On February 28, 2014, plaintiffs filed their Complaint alleging claims for Negligence (Count I), Negligence *Per Se* (Count II), and Negligent Enablement of Imposter Fraud (Count III). After considering defendants' Motion to Dismiss, Judge Cayer recommended dismissal of defendant Bank of America Corporation ("BAC") inasmuch as plaintiffs failed to allege any involvement of that defendant in the alleged negligence. Plaintiffs do not object to such recommendation.

Judge Cayer then considered whether plaintiffs had stated cognizable claims against Bank of America, N.A. ("BANA."). Plaintiffs contend that in North Carolina, banks owe their customers a duty of ordinary care which is not waivable, and that BANA breached that duty when it allowed an unauthorized third-party, Robert Gard, to open a business account in 2005 in the name of plaintiff Taylor & Company, allowed such unauthorized person to deposit plaintiffs' funds into that account, and then allowed him to withdraw those funds. Plaintiffs contend that BANA allowed such alleged misconduct to occur despite plaintiffs having had business and personal accounts with BANA for over a decade. Plaintiffs contend that in the years that followed the opening of the unauthorized account, Mr. Gard used that account to steal at least $1.7 million from them. Compounding the problem, it appears that BANA failed to maintain records as to what

documents Mr. gard presented when he was allowed to open an account in the corporate plaintiff's name.

**First Claim for Relief: Negligence**

Judge Cayer concluded that plaintiffs stated a cognizable claim for negligence against BANA. In support of such conclusion, Judge Cayer reviewed prevailing law, concluding that "[i]n North Carolina, banks and their customers may not waive or disclaim "a bank's responsibility for...failure to exercise ordinary care...." N.C. Gen. Stat. § 25-4-103(a)." M&R (#18) at 4. In objecting to that conclusion, BANA essentially contends that it owes its customers no duty of ordinary care, a position which the court finds to be a remarkable for a bank to take.

Despite BANA's objections to such conclusion, this court finds the recommendation to be fully supported by North Carolina law, N.C.Gen.Stat. § 25-4-103(a), as well as persuasive authority from other jurisdictions. Mut. Serv. Cas. Ins. Co. v. Elizabeth State Bank, 265 F.3d 601, 618 (7th Cir. 2001); Journeys Acad. v. PNC Bank, 2013 U.S. Dist. LEXIS 99098, 2013 WL 3772483 (M.D. Fla. 2013); Rogers v. Bank of Am., N.A., 210 U.S. Dist. LEXIS 114782, *7-8, 2010 WL 4384257 (S.D. Ill. 2010); Dubai Islamic Bank v. Citibank, N.A., 126 F.Supp.2d 659, 667 (S.D.N.Y. 2000).

**Second Claim for Relief: Negligence *Per Se***

Judge Cayer has recommended that plaintiffs' claim of negligence *per se* based on the Bank Secrecy Act be dismissed as that federal statutory provision makes no allowance for a private causer of action. Plaintiffs do not object to such recommendation. Such recommendation is fully consistent with prevailing case law, see Bottom v. Bailey,

2013 WL 431824 (W.D.N.C. Feb. 4, 2013), and is affirmed.

**Third Claim for Relief: Negligent Enablement of Imposter Fraud**

Judge Cayer has recommended dismissal of this claim as such tort is not recognized in this jurisdiction and the only decision recognizing such a claim is based on Alabama law and, even in that jurisdiction, has met with disapproval. Patrick v. Union State Bank, 681 So.2d 1364 (Ala. 1996), called into question, Smith v. AmSouth Bank, Inc., 892 So.2d 905 (Ala. 2004). Plaintiffs do not object. Finding such recommendation to be fully consistent with North Carolina tort law, which does not recognize such a claim, the court affirms Judge Cayer's recommendation.

\*\*\*

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law in all respects. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#18) is **AFFIRMED,** defendants' Motion to Dismiss (#10) is **GRANTED** in part and **DENIED** in part, as follows**:**

(1) **GRANTED** as to all claims against Defendant Bank of America Corporation and the Complaint is **DISMISSED WITH PREJUDICE** as to that Defendant;

and

(2) **DENIED** as to Count I of the Complaint against Defendant Bank of America, N.A., but otherwise **GRANTED** as to Counts II and III against Defendant Bank of America, N.A. and those counts are **DISMISSED WITH PREJUDICE.**

Signed: July 18, 2014

Max O. Cogburn Jr.
United States District Judge